UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PERCIVAL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 17-cv-04065-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Plaintiff James Percival alleges that three sheriff's deputies unlawfully arrested and detained him for three days, while denying him access to his necessary medications. He brings suit for false imprisonment, assault and battery, intentional infliction of emotional distress, dangerous condition of public property, conversion, and deprivation of rights pursuant to 42 U.S.C. § 1983 against deputies Patrick S. Dolan, Julian Sanchez, and David Cochran (collectively, the "Deputy Defendants"), the County of Alameda, as well as Does 1 through 20. The defendants move to dismiss all claims for failure to plead compliance with California Government Code Section 945.5, as well as pursuant to various immunities and for failure to state a claim. Defendants are correct that plaintiff must plead compliance with Section 945.5 and I grant dismissal with leave to amend on that basis. Most of their other arguments are well taken as well. For the reasons stated below, I would independently grant defendants' motion to dismiss each cause of action. I GRANT the motion to dismiss Count Four without leave to amend.

## BACKGROUND

Percival was at home with his wife, Sharon, on September 22, 2016, when Sharon called 911, "saying that Mr. Percival was being abusive." Complaint ("Compl.") ¶¶ 6, 8 [Dkt. No. 1]. Three sheriff's deputies from the Alameda County Sheriff's Office responded to the call and

arrived at the Percival's home. *Id.* ¶ 9. They handcuffed him and told him he was under arrest. *Id.* ¶¶ 9, 25. He asserted that he was innocent. *Id.* ¶¶ 26–27. He explained to Deputy Patrick S. Dolan that he needed a few minutes to gather his heart medicine. *Id.* ¶ 36. Dolan "grabbed plaintiff's shoulders and tried to push him out of the home," and "showed him pepper spray not once but repeatedly" as he chased plaintiff out of the home. *Id.* ¶¶ 28–29, 37. The deputies asked Percival if he had any weapons, to which he responded yes, informing them that he had a pistol. *Id.* ¶ 9. The deputies confiscated a pistol and three additional firearms. *Id.* His firearms have yet to be returned to him. *Id.* ¶¶ 51–56.

Percival was subsequently taken to Santa Rita Correctional Facility, where he "tried to explain that he had five stents in him and needed to see a nurse to get his medication." Compl. ¶ 11. He alleges that he needed medication for diabetes, but does not allege that he informed anybody of this. *Id.* He was initially "shuffled" to a room without heat, where he was asked to change into a prison uniform. *Id.* ¶ 12. He was then taken to a pod, where he was assigned to a bunk and blanket. *Id.* He was removed to another room, where he met with a woman who said she was a doctor. *Id.* He alleges that "[h]e knew from experience that his blood pressure was dangerously high, but the doctor said that he was fine." *Id.* He did not receive the medication he told her he needed. *Id.*

Percival further alleges that "[e]very time he left the pod to see the doctor, he was frisked by the deputy on duty and his face was slammed to the wall and kicked." Compl. ¶ 12. The deputy on duty is unnamed. He was detained for three days until he was released without being charged. *Id.* ¶¶ 12–13.

**LEGAL STANDARD**

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

1  omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*
2  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts
3  sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.     Whether Plaintiff's Claims Must Be Dismissed For Failure to Plead Compliance with Cal. Gov. Code § 945.5**

The CTCA states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." Cal. Gov. Code § 945.4. "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State of Cal. v. Super. Ct.*, 32 Cal. 4th 1234, 1239 (2004). Moreover, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to [dismissal] for failure to state a cause of action." *Id.*

Percival contends that he complied with Section 945.5, but does not dispute that he fails to

allege that he did so in his Complaint. Accordingly, I GRANT Defendants' motion to dismiss with leave to amend his Complaint to include factual allegations establishing his compliance. Assuming that Percival amends to show compliance with Section 945.5, I will address the other problems identified by the defendants with his causes of action.

## II. Whether Defendants Are Immune from Suit

Defendants assert that all of plaintiff's state law claims must be dismissed because defendants are immune from suit pursuant to various statutory or other immunities. While some of these immunities do apply, others do not.

### A. Whether the County is Immune from Percival's False Imprisonment and Dangerous Condition of Public Property Claims Pursuant to Cal. Gov. Code §§ 844.6, 835.4, and 815.2

The County of Alameda claims that it is immune from suit for Percival's causes of action for false imprisonment and for dangerous condition of public property pursuant to California Government Code Section 844.6, which states that, except as provided in certain other sections, "a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Gov. Code § 844.6(a). The County concedes in its reply, however, that Section 844.6 immunity does not apply to claims for false imprisonment. Rep. at 8 (citing *Sullivan v. Cty. of Los Angeles*, 12 Cal. 3d 710, 717 (1974)).

With respect to his cause of action for dangerous condition of public property, the County contends, and Percival does not dispute, that he was a prisoner within the meaning of the CTCA when the dangerous condition of public property claim accrued. *See* Mot. at 5. While Section 815.2 states that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee," Cal. Gov. Code. § 815.2(a), California courts have clarified that a public entity may not be vicariously liable for the acts and omissions of its employees in the case of injuries to prisoners. *See Taylor v. Buff*, 172 Cal. App. 3d 384, 388 (1985) (finding public entity entitled to immunity under § 844.6 against prisoner's claim for dangerous condition of public property). The County of Alameda is therefore correct that it is immune from Percival's dangerous condition of public property claim. I GRANT

4

the County's motion to dismiss Count Four, and because the County is immune as a matter of law and no amended pleadings could overcome this immunity, Percival is denied leave to amend this claim.

### B. Whether the Deputy Defendants Are Immune from Percival's State Law Claims Pursuant to Cal. Gov. Code §§ 820.2 and 821.6

Deputy Patrick S. Dolan moves to dismiss Percival's false imprisonment, assault and battery, and intentional infliction of emotional distress causes of action against him on the grounds that he is immune pursuant to California Government Code Sections 820.2 and 821.6. Section 820.2 states that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion was abused." Cal. Gov. Code § 820.2. Section 821.6 states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6.

Dolan contends that Percival's allegations regarding the false imprisonment, assault and battery, and intentional infliction of emotional distress claims are precisely the type of conduct immunized by Sections 820.2 and 821.6. Percival responds that immunity depends on whether the act in question was "discretionary" or "ministerial," as well as that Section 820.2 does not immunize negligence resulting from a discretionary act.

As the statute makes clear, only a public employee's "discretionary" acts may be immunized under Section 820.2. The Supreme Court of California has explained that "a workable definition of immune discretionary acts draws the line between planning and operational functions of government." *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995) (internal quotation marks and citations omitted). "Immunity is reserved for those *basic policy decisions* [which have] . . . been [expressly] committed to coordinate branches of government, and as to which judicial interference would thus be unseemly." *Id.* "Discretionary immunity under section 820.2 has been found to apply to many areas of police work." *Conway v. Cty. of Tuolumne*, 231 Cal. App. 4th 1005, 1015 (2014). For example, California courts have upheld "the decision to pursue a fleeing vehicle,"

"the decision to investigate or not investigate a vehicle accident," or the decision "to determine the means by which [an] arrest should be carried out" as discretionary actions entitled to immunity under Section 820.2. *Id.* at 1015, 1018. "On the other hand, . . . there is no basis for immunizing lower-level, or ministerial, decisions that merely implement a basic policy already formulated." *Caldwell*, 10 Cal. 4th at 981.

California law is clear that a police officer's decision to arrest a suspect is "not a basic policy decision, but only an operational decision by the police purporting to apply the law. The immunity provided by Government Code section 820.2 therefore does not apply." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007); *Liberal v. Estrada*, 632 F.3d 1064, 1085 (9th Cir. 2011) (adding that immunity § 820.2 does not apply to claims for false imprisonment predicated on officer's detention of suspect without reasonable suspicion or probable cause). Nor does Section 821.6 immunity apply to acts that occur during arrest rather than pursuant to an investigation into a suspect's guilt. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007). A plausibly pleaded false imprisonment claim against Dolan could survive, although I explain in III.A., below, why that claim is not plausible as presently alleged.

Percival's causes of action for assault and battery and intentional infliction of emotional distress against Dolan, on the other hand, involve the means by which Dolan carried out the arrest and subsequent detainment of Percival. Unlike the decision to arrest or detain a suspect, which is an operational decision, the means of carrying out such an arrest are discretionary acts. Percival does not allege unreasonable or excessive force.[1] Dolan is therefore immune from suit. *See Blankenhorn*, 485 F.3d at 486 (noting that unless unreasonable force is alleged, "[Section 820.2] applies to police officers' discretionary decisions made during arrests"); *Price v. Cty. of San Diego*, 990 F. Supp. 1230, 1244 (S.D. Cal. 1998) ("[S]ection 820.2 provides immunity to peace officers for their discretionary acts in arrest situations.").

For these reasons, I DENY Dolan's motion to dismiss plaintiff's false imprisonment claim

---

[1] Plaintiff's general allegations state that an unnamed deputy slammed plaintiff's face into a wall and kicked him. Compl. ¶ 12. While these allegations might have been sufficient to allege unreasonable force, they are not pleaded with respect to Dolan.

6

1  on immunity grounds, and GRANT Dolan's motion to dismiss the assault and battery and
2  intentional infliction of emotional distress claims with leave to amend should plaintiff be able to
3  make specific allegations pertaining to the use of unreasonable force.  Because the County of
4  Alameda may only be liable under these causes of action to the same extent that its employees
5  would be liable, and is otherwise "not liable for an injury resulting from an act or omission of an
6  employee of the public entity where the employee is immune from liability," Cal. Gov. Code §
7  815.2(b), the assault and battery and intentional infliction of emotional distress claims against the
8  County are also dismissed.

### C. Whether the County is Immune from Percival's 42 U.S.C. § 1983 Claim Pursuant to *Monell*

The County of Alameda also contends that it is immune from plaintiff's Section 1983 claim because under *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* "To establish municipal liability under *City of Canton*, a plaintiff must establish two things: first, that the city in fact inadequately trained its employees in the lawful execution of their duties, and second, that this failure to train was actually a city policy." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1555 (11th Cir. 1989) (citations omitted).  "With regard to this second element, the Court concluded that 'only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under Section 1983." *Id.*

Percival counters that he alleges two cognizable theories under which the County of Alameda may be held liable under Section 1983:  first, because it directed its employees to violate plaintiff's rights, or alternatively, because of its failure to implement an adequate policy or training program for its officers regarding obvious potential constitutional violations.  The County of Alameda argues that he has failed to identify any policy or custom of the County that allegedly

caused such injuries.

I agree with the County that Percival's allegations are insufficient to establish that it is subject to municipal liability. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–90 (1989) ("*Monell's* rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as policy officers, represents a policy for which the city is responsible."). With respect to his first theory, that the County directed its employees to violate his civil rights, Percival alleges no facts at all in the Complaint supporting such a claim, such as a policy or training program that affirmatively directs its employees to take some kind of constitutionally inappropriate action.

Nor does he point to any specific policy or training program that is inadequate. Instead, he makes vague references to "increased complaints," Compl. ¶ 63, but does not allege the content of these complaints so that I might evaluate whether he plausibly alleges a policy or custom exhibiting a deliberate indifference to constitutional rights. While he does allege that "a widespread practice in violation of Minimum Jail Standards 1050[] was so permanent and well settled as to constitute a custom or usage with the force of law," *id.* ¶ 65, he alleges no factual allegations giving rise to such a conclusion. The California Board of State and Community Corrections Minimum Standards for Local Detention Facilities § 1050, "Classification Plan," states that a detention facility "shall develop and implement a written classification plan designed to properly assign inmates to housing units and activities according to" various categories, including "physical or mental health needs, . . . which will provide for the safety of the inmates and staff." The only example the Complaint provides of a potential violation of Section 1050 is his own, in which he alleges that "defendants violated plaintiff's rights when they placed him in a holding cell rather than seeking medical care where he told them that he had stents in him." Compl. ¶ 59. Regardless of whether his own example exhibits a deliberate indifference, by itself it is insufficient to establish that the County had any "widespread practice" pervasive enough to constitute a policy or custom actionable under Section 1983.

Accordingly, I GRANT the County of Alameda's motion to dismiss Count Six against it

because it is entitled to immunity from Section 1983 claims under *Monell*. Percival is granted leave to amend his pleadings to allege facts supporting an official policy or custom that renders the County liable under Section 1983.

### D. Whether the Deputy Defendants Are Entitled to Qualified Immunity

The Deputy Defendants too claim immunity from plaintiff's Section 1983 claims, arguing that "government officials performing discretionary functions" are entitled to "qualified immunity . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635. 638 (1987). Qualified immunity does not apply, however, where a government official "affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016). Nor does it apply where the constitutional right in question "was not clearly established" at the time of the violation. *Id.* at 1125.

Percival alleges that "defendants violated plaintiff's rights when they placed him in a holding cell rather than seeking medical care where he told them that he had stents in him." Compl. ¶ 59. This allegation, which does not identify the defendants who took this action, is insufficient to establish either that a known or obvious danger was present, or that defendants acted with deliberate indifference. Percival's general allegations state that after being classified, "deputies removed [] to a room where he met a woman who said she was a doctor." This contradicts his allegation that the Deputy Defendants "ignored plaintiff's requests for medical attention" or failed to provide any medical care. *Id.* ¶ 12.

These allegations do not rise to the level of deliberate indifference to a substantial medical need. I GRANT the Deputy Defendants' motion to dismiss Count Six because they are entitled to qualified immunity. Plaintiff is granted leave to amend in order to allege sufficient factual allegations establishing with specificity what affirmative actions each defendant did or did not take and how those actions exhibit deliberate indifference to a known or obvious danger.

**III. Whether Percival States a Claim Upon Which Relief May Be Granted**

**A. Percival's First Cause of Action for False Imprisonment**

Defendants Dolan and the County of Alameda move to dismiss Percival's false imprisonment claim for failure to plausibly allege that his arrest was unlawful. I agree. The Complaint alleges that Percival's wife, Sharon, called 911 and said that he "was being abusive." Compl. ¶ 8. This phone call gave the arresting officers probable cause to arrest and detain Percival, and absent pleading showing facts to the contrary no cause of action for false imprisonment may lie. *See* Cal. Pen. Code § 836; *Blankenhorn v. City of Orange*, 485 F.3d 463, 486 (9th Cir. 2007) (finding defendant police officers immune from false imprisonment claims where officers had probable cause to believe that detainee committed a public offense and the arrest was therefore lawful). Because the County of Alameda may only be liable for false imprisonment to the same extent that its employees would be liable, and is otherwise "not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability," Cal. Gov. Code § 815.2(b), this claim against the County is also dismissed. I therefore GRANT defendants' motion to dismiss Count One for false imprisonment.

**B. Percival's Causes of Action for Assault and Battery and Intentional Infliction of Emotional Distress**

While the Deputy Defendants are already immune from the assault and battery and intentional infliction of emotional distress claims, I will further address the sufficiency of the pleadings for Percival's benefit should he choose to amend his Complaint. His assault and battery claim must be dismissed because his Complaint fails to allege that Dolan used unreasonable force in the execution of his duties. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272–73 (1998) (in police battery actions, "a prima facie battery is not established unless and until plaintiff proves unreasonable force was used"). The only contact that plaintiff alleges is that "Deputy Dolan grabbed Plaintiff's shoulders and tried to push him out of the home." Compl. ¶ 28. This is a reasonable use of force in the commission of an arrest and does not sustain a cause of action for assault and battery.

10

Percival also fails to allege the necessary elements for intentional infliction of emotional distress. His allegations that "Deputy Dolan grabbed Plaintiff's shoulders, pushed him, and showed him pepper spray not once but repeatedly as Dolan chased Plaintiff out of his house," Compl. ¶ 37, does not constitute the type of "extreme and outrageous conduct" required. As in the case of assault and battery, these types of actions by a police officer are reasonable in the commission of the duty to make arrests where probable cause exists. Moreover, Percival does not establish that he suffered from severe or extreme emotional distress, but only states that "plaintiff has been damaged." *Id*. ¶ 39. He fails to state a claim for intentional infliction of emotional distress.

## CONCLUSION

For the foregoing reasons, I GRANT Defendants' motion to dismiss Counts One, Two, Three, Five, and Six of the Complaint with leave to amend within 20 days of the date below. I GRANT Defendants' motion to dismiss Count Four of the Complaint without leave to amend. Should plaintiff choose to amend his claims, he should also identify the defendants that committed each act.

Because it is unclear whether Percival will be able to successfully amend his Complaint, I will not set a Case Management Conference date at this time.

**IT IS SO ORDERED.**

Dated: October 13, 2017

William H. Orrick
United States District Judge