UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PERCIVAL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 17-cv-04065-WHO<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING CASE**<br><br>Re: Dkt. No. 17 |

## INTRODUCTION

Plaintiff James Percival alleges that he was unlawfully arrested by sheriff's deputies, detained in jail for three days, and while in jail denied access to necessary medications. He brings suit for false imprisonment, intentional infliction of emotional distress, conversion, and deprivation of rights pursuant to 42 U.S.C. § 1983 against deputy Patrick S. Dolan and the County of Alameda, as well as Does 1 through 20. The defendants now move to dismiss all claims for failure to state a claim. Defendants' motion is GRANTED with respect to Count Four, the only federal claim, DENIED with respect to Counts One through Three, and REMANDED to the California Superior Court for the County of Alameda.

## BACKGROUND

In his Amended Complaint, Percival alleges that he was at home with his wife, Sharon, on September 22, 2016 when Sharon called 911, "saying that Mr. Percival was being abusive to their dog." Am. Compl. ¶¶ 8, 10 [Dkt. No. 16]. Three sheriff's deputies from the Alameda County Sheriff's Office responded to the call and arrived at the Percival's home. *Id.* ¶ 11. Without performing any investigation, the deputies pushed Percival out of his home and handcuffed him. *Id.* ¶ 11, 22. Both Percival and his 25-year-old granddaughter, Shayna, attempted to explain that

Sharon had dementia to the deputies, but the deputies ignored them. *Id.* ¶¶ 22–23. Deputy Dolan called Percival a "piece of garbage" and refused to allow Percival to gather his heart medicine. *Id.* ¶ 37. Dolan "grabbed Plaintiff's shoulders, pushed him, and showed him pepper spray not once but repeatedly" as he chased Percival out of the home. *Id.* ¶ 39.

The deputies asked Percival if he had any weapons, to which he responded yes, informing them that he had a "pistol/revolver in the garage." Am. Compl. ¶ 11. The deputies confiscated four firearms from Percival's home. *Id.* ¶ 45. While Percival has since contacted the Alameda County Sheriff's Office at least three times, completed an online law enforcement gun release application, and paid $100 to complete that application, his firearms have yet to be returned to him. *Id.* ¶¶ 46–50.

Percival was subsequently taken to Santa Rita jail, where he was told that "he had beat up on his wife," which Percival alleges was untrue. Am. Compl. ¶ 12. Percival "tried to explain that he had five stents in him and needed to see a nurse to get his medication for his heart and diabetes." *Id.* ¶ 13. The deputies ignored his requests and "shuffled" him to a room without heat, where he was asked to change into a prison uniform. *Id.* ¶ 14. He was then taken to a pod, where he was assigned to a bunk and blanket. *Id.* He was removed to another room where he met with a woman who said she was a doctor. *Id.* Percival alleges that "[h]e knew from experience that his blood pressure was dangerously high, but the doctor said that he was fine." *Id.* He did not receive the medication he told her he needed. *Id.* Percival further alleges that "[e]very time he left the pod to see the doctor, he was frisked by the deputy on duty and his face was slammed to the wall and kicked." *Id.* ¶ 14. The deputy on duty is unnamed. After three days, Percival was released without being charged. *Id.* ¶¶ 14–15.

## LEGAL STANDARD

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant

2

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.     Whether Percival States a Claim for False Imprisonment**

The first cause of action is for false imprisonment against both Dolan and the County. Defendants move to dismiss on the basis that Dolan had probable cause to arrest Percival. Under California Penal Code Section 847(b), a law enforcement officer is not civilly liable for false arrest or false imprisonment when, "acting within the scope of his or her authority," the officer makes a lawful arrest or "had reasonable cause to believe the arrest was lawful." Cal. Pen. Code § 847(b). Under Section 836(a), an officer may make an arrest without a warrant if "[t]he officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed." Cal. Pen. Code § 836(a)(3).

The original complaint indicated that the 911 call reported that Percival was committing

3

domestic violence against his wife. I granted the motion to dismiss, reasoning that defendants were shielded from liability because Dolan had probable cause to arrest Percival based on the 911 call. *See* Cal. Pen. Code § 836(d). In the Amended Complaint, however, Percival now alleges that in his wife's 911 call, she did not simply say that "Mr. Percival was being abusive," Compl. [Dkt. No. 1] ¶ 8, but rather that "Mr. Percival was being abusive *to their dog*," Am. Compl. ¶ 10. Defendants argue that Percival's previous pleading is a judicial admission that Percival was being abusive to his *wife*. While read in context, that was surely the implication of the original complaint, and his lawyer did not argue otherwise. However, the complaint never explicitly stated to whom the abuse was directed. The Amended Complaint clarifies that the abuse was directed toward the dog, and not Percival's wife or another human.[1] Reading the Amended Complaint in the light most favorable to Percival, I cannot conclude that the deputies would have believed they were responding to a domestic violence call.

While defendants are correct that animal cruelty is punishable as a felony, *see* Cal. Pen. Code § 597(d), that alone does not confer probable cause on the arresting deputies. Instead, the issue is whether, in response to a call about abuse to a dog, the officers arriving at the Percivals' home had probable cause to arrest Percival once they arrived at the scene as described in Percival's Amended Complaint. Given that there are no allegations that the officers saw or had an independent reason to believe animal cruelty had occurred, that Percival's wife exhibited no signs of abuse, or that anything out of the ordinary had occurred, and there are allegations that Percival and his adult granddaughter attempted to explain to the arresting officers that his wife had dementia, I cannot conclude as a matter of law that the officers had probable cause to arrest Percival. For these reasons, I must DENY Defendants' motion to dismiss the false imprisonment claim against both Dolan and the County.

**II.     Whether Percival States a Claim for Intentional Infliction of Emotional Distress**

Defendants also move to dismiss Percival's claim for intentional infliction of emotional distress against Dolan and the County on the grounds that he fails to allege unreasonable force,

---

[1] At oral argument, Percival explained that this change was made in light of information obtained from the police report.

4

and therefore cannot establish the necessary extreme and outrageous conduct required in actions against police officers. In my previous order, I stated that Percival's allegations could not constitute "extreme and outrageous conduct" because Dolan's actions were "reasonable in the commission of the duty to make arrests where probable cause exists." Order Granting Defs.' Mot. to Dismiss [Dkt. No. 15], at 11. As discussed above, however, given the changed factual scenario I cannot conclude on motion to dismiss that Dolan had probable cause to make an arrest and would be entitled to any statutory immunities. *See Warren v. Marcus*, 78 F. Supp. 3d 1228, 1250 (N.D. Cal. 2015) (concluding Section 821.6 immunity does not shield defendant police officer from liability for IIED claim premised upon use of force during wrongful detention or arrest).

Instead, Dolan's alleged warrantless arrest without probable cause is sufficient to establish extreme and outrageous conduct that could sustain a claim for intentional infliction of emotional distress. *See Burke v. Cty. of Alameda*, 352 Fed. App'x 216, 2009 WL 3748172, at *2 (9th Cir. Nov. 10, 2009) (under California law, Fourth Amendment violation by police officer generally sufficient to establish extreme and outrageous conduct). Because Percival states a claim for intentional infliction of emotional distress, I DENY defendants' motion to dismiss this claim.

### III. Whether Percival States a Claim for Conversion

While Percival fails to specify against whom the conversion claim is alleged, defendants move to dismiss it on the basis that their confiscation of his firearms was legally privileged because the threat of domestic violence, and Percival fails to plead a willful failure to return his firearms. Defendants' arguments fail. In light of the new allegations in the Amended Complaint, the deputies did not have reason to suspect a threat of domestic violence. Even if their conduct was initially privileged, however, after the passage of more than a year Percival's allegations are plausible enough to establish a willful failure to return his property. At oral argument on the previous motion to dismiss, I instructed the County to locate Percival's firearms and return them to him, which they apparently still have not done. On these facts, I will not dismiss the conversion claim, and defendants' motion is DENIED.

Moreover, while defendants are correct that the Amended Complaint does not specifically mention the other confiscated property, including Percival's wallet and jewelry, these items are

5

United States District Court
Northern District of California

mentioned in the general allegations. *See* Am. Compl. ¶ 13. Percival's allegations may be fairly read to incorporate these items by reference as well into Percival's conversion claim.

### IV. Percival's Section 1983 Claim

Percival's final cause of action is for a violation of 42 U.S.C. § 1983, "state created danger," pleaded against all defendants as a result of alleged deliberate indifference to his serious medical needs while detained at Santa Rita jail. In order to state a claim under Section 1983, Percival must allege that "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the Percival of a constitutional right." *L.W. v. Grubbs*, 974 F. 2d 119, 120 (9th Cir. 1992). I previously dismissed this claim against all defendants on the grounds that the individual defendants were entitled to qualified immunity and the County was entitled to immunity under *Monell*. Percival has failed to add any new allegations in the Amended Complaint allowing me to conclude otherwise.

#### A. The Individual Defendant

With respect to the individual defendant, Percival fails to plausibly allege a constitutional deprivation required of a Section 1983 claim and required to defeat qualified immunity. While he invokes the "special relationship" and "state-created danger" doctrines in support of his theory, neither of those theories allow him to proceed where he cannot allege the requisite violation of a constitutional right by any individual defendant. He appears to believe that he suffered a violation of his Fourteenth Amendment substantive due process right to be protected from a state-created danger (in this case, deliberate indifference to his serious medical need while in custody at the Santa Rita jail), but he pleads no facts that allow me to draw that conclusion. *See* Am. Compl. ¶ 53; Opp. [Dkt. No. 18] at 7–8.

In order to show a violation of substantive due process, a plaintiff must show behavior that shocks the conscience. *See Brittain v. Hansen*, 451 F.3d 982, 999 (9th Cir. 2006). Percival premises his constitutional deprivation on a deliberate indifference theory. *See* Am. Compl. ¶ 53. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Patel*, 648 F.3d at 974. It requires a "culpable mental state," meaning that the state actor knew and actually intended that Percival be

6

exposed to an unreasonable risk. *Id.*

None of the allegations against any of the actors in the Amended Complaint meet these requirements. He does not provide any factual allegations sufficient to show the unnamed doctor's mental state or knowledge of Percival's medical needs. He does not state that he had any outwardly manifesting or obvious signs of a medical need, but only that he himself "knew from experience" that he had high blood pressure. *Id.* ¶14. Nor does he sufficiently allege that he suffered any consequences or was actually exposed to an unreasonable medical risk as a result of going without his medication for three days. While he alleges that he told the unnamed deputy defendants of his medical needs, he admits that he was provided with medical attention, not once but multiple times, *see* Am. Compl. ¶¶ 14. One unidentified deputy may have allegedly used excessive force in transferring the defendant from his pod to the doctor, but Percival's cause of action is premised on his failure to receive medical care, not excessive force. And nowhere does he mention Dolan, the only named individual defendant, with respect to his Section 1983 claim. Taken in the light most favorable to him, Percival's allegations do not rise to the level of deliberate indifference. For these reasons, his claims against the individual defendant under Section 1983 must be dismissed.

### B. The County of Alameda

As I stated in my previous Order, in order to state a claim against the County, Percival must establish "first, that the city in fact inadequately trained its employees in the lawful execution of their duties, and second, that this failure to train was actually a city policy." Order Granting Motion to Dismiss at 7 (quoting *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1555 (11th Cir. 1989)). In the Amended Complaint, Percival appears to allege two theories of liability: (1) that the Santa Rita jail's regulations are so lacking that they allow constitutionally deficient conditions to exist, resulting in widespread constitutional deprivations of their inmates, or (2) that the County has failed to adequately train its employees on the proper implementation of Santa Rita Jail's Policy No. 1204, allowing the deprivation of Percival's civil rights. Both of these theories fail because Percival has not adequately alleged a deprivation of a constitutional right, as discussed above, and for the reasons described below.

With respect to his first theory, Percival points to Santa Rita Jail Policy 12.04, and claims that the policy's "section on 'medical' does not contain a protocol for housing sick inmates nor provide the necessary care within 24 hours of admission to the jail." Am. Compl. ¶ 63. He does not allege, however, that he did not receive medical attention within 24 hours of his admission, nor does he provide any authority establishing that the jail had an obligation to provide any such care within 24 hours of admission. Even if he did, however, he did not allege *facts* supporting the necessary widespread constitutional deprivations resulting from those regulations, but instead only cites to unrelated case law, including *Brown v. Platt*, 563 U.S. 493 (2011), and *Rhodes v. Chapman*, 42 U.S. 337 (1981). *See* Am. Compl. ¶¶ 59, 66. Percival cannot rely on unrelated cases discussing previous, already-litigated constitutional deprivation cases (one from more than thirty years ago) to establish that constitutional deprivations are currently happening in a specific jail today. Instead, he needed to provide factual allegations regarding the current conditions of the jail and present examples of constitutional deprivations, which he fails to do.

Nor does Percival sufficiently plead his failure to train theory. As in the initial complaint, he provides no factual allegations showing that the state failed to properly train any employees on Policy No. 12.04 or that its provisions were not adequately carried out. Nor does he plead any facts showing that such a failure to train was actually a city policy.

Because Percival does not allege sufficient facts that he was deprived of a constitutional right while incarcerated, he fails to state a claim under Section 1983. His Section 1983 claim is dismissed as to all defendants. Because he has been unable to amend his complaint to add factual allegations sufficient to establish deprivation of a constitutional right, leave to amend this cause of action would be futile. It is dismissed with prejudice.

Percival's Section 1983 claim was the only federal claim alleged in the Amended Complaint, and therefore the only claim over which I had original jurisdiction. I decline to exercise supplemental jurisdiction over the remaining state claims. *See* 28 U.S. § 1367(c)(3). I therefore REMAND the case to the California Superior Court, County of Alameda.

## CONCLUSION

For the foregoing reasons, I DENY Defendants' motion to dismiss Counts One, Two, and Three of the Amended Complaint, GRANT Defendants' motion to dismiss Count Four, and REMAND the case to the California Superior Court, County of Alameda.

**IT IS SO ORDERED.**

Dated: December 28, 2017

William H. Orrick
United States District Judge